UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLIFFORD LEON REID,

                    Plaintiff,

v.                                    Case No. 3:09-cv-1283-J-34MCR

WALTER A. MCNEIL, etc.;
et al.,

                    Defendants.
_____

## ORDER

## I. Procedural History

Plaintiff Clifford Leon Reid, an inmate of the Florida penal system proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) under 42 U.S.C. § 1983 on December 21, 2009, pursuant to the mailbox rule. On March 10, 2010, Reid filed an Amended Complaint (Doc. #8; Amended Complaint) with exhibits, in which he named: (1) Walter A. McNeil, the Secretary of the Florida Department of Corrections (FDOC) at the time; (2) Larry Henderson, a physician's assistant at Hamilton Correctional Institution (HCI); and (3) Tamey Mullinax, a security officer at HCI as Defendants.  In the Amended Complaint, Reid raised the following claims: Defendant Henderson violated Reid's Eighth Amendment right to be free from cruel and unusual punishment when he dropped Reid to the ground despite knowing that a fall could paralyze Reid, sexually assaulted Reid on March 19,

2008, and sexually harassed Reid and wrote a false disciplinary report about him on March 20, 2008; Defendant Mullinax allowed Henderson to physically and sexually assault Reid on March 19th; and Defendant McNeil was deliberately indifferent to Reid's health and safety needs. As relief, Plaintiff sought monetary damages and injunctive relief.

The matter previously came before the Court on Defendants McNeil, Mullinax, and Henderson's Motion for Summary Judgment (Doc. #14; Defendants' Initial Motion) with exhibits. Reid responded to Defendants' Initial Motion in his Response to Summary Judgment Motion (Doc. #22) with exhibits. On August 8, 2011, the Court granted Defendants' Initial Motion (Doc. #30) and entered judgment in favor of Defendants as to all claims. Reid appealed (Doc. #37). Upon consideration of the parties' briefs, the Eleventh Circuit Court of Appeals affirmed in part, and vacated and remanded in part, this Court's order granting summary judgment (Doc. #47). Reid v. Secretary, Fla. Dep't of Corr., 486 F. App'x 848 (11th Cir. 2012) (per curiam). Specifically, the Eleventh Circuit affirmed the grant of summary judgment as to all claims against Defendant McNeil and as to Reid's sexual abuse claim and sexual harassment claims, but vacated the grant of summary judgment as to Plaintiff's

Eighth Amendment claim against Defendants Henderson and Mullinax.[1]
Id.  In so doing, the Eleventh Circuit held that, "considering the
rest of Reid's sworn allegations, and affording him every inference
therefrom, there was enough evidence for a reasonable jury to
conclude that an Eighth Amendment violation had occurred."  Id. at
852.

Following remand to this Court, but without leave of Court,
Plaintiff served Requests for Admissions on Defendants.  See
Plaintiff's First Request for Admissions directed to Defendant
Henderson (Doc. #75-2); Plaintiff's First Request for Admissions
directed to Defendant Mullinax (Doc. #75-4, together with Doc. #75-
2, Requests for Admissions).  Believing the discovery to be
improper, Defendants declined to respond, and instead moved the
Court to open discovery for a period of sixty days.  See Unopposed
Motion to Take Deposition of Clifford Reid and Motion for Discovery
Scheduling Order (Doc. #53; Discovery Motion).  Reid stated his
opposition, in part, to the Discovery Motion, see Response (Doc.
#55); Amended Response (Doc. #56), and the Court denied the
Discovery Motion without prejudice.  See Order (Doc. #57).  On
January 23, 2014, however, the Court granted Reid's motion for a
scheduling order giving the parties 60 days to complete discovery

---

[1] Because the alleged false disciplinary report relates to
Reid's report of the March 19, 2008 incident, the Court does not
interpret the Eleventh Circuit decision as foreclosing this
allegation.

- 3 -

and setting a dispositive motion deadline.  See Order (Doc. #64).
Thereafter, with leave of Court, Defendants deposed Reid on
November 21, 2014 (Doc. #75-3), and the parties filed cross motions
for summary judgment.

This cause is now before the Court on Plaintiff's Motion for
Summary Judgment (Doc. #68; Reid's Motion) with exhibits (Reid SJ
Ex.) and Defendants Henderson and Mullinax's Motion for Summary
Judgment (Doc. #73; Defendants' Motion) with exhibits (Def. SJ
Ex.).  On February 13, 2015, Defendants Henderson and Mullinax
filed a Response to Plaintiff's Summary Judgment Motion (Doc. #72;
Defendants' Response) with exhibits.  Since Plaintiff is appearing
pro se, the Court advised him of the provisions of Rule 56, Federal
Rules of Civil Procedure (Rule(s)) and gave him an opportunity to
respond to Defendants' Motion.  See Summary Judgment Notice (Doc.
#74), filed April 23, 2015.  On April 30, 2015, Plaintiff filed a
Response to Defendants' Motion (Doc. #75; Plaintiff's Response)
with exhibits.  Thus, the motions are ripe for review.

## II. Plaintiff's Pertinent[2] Allegations

Reid, a wheelchair bound inmate, asserts that the Defendants
violated his Eighth Amendment right to be free from cruel and
unusual punishment.  Reid asserts that, on March 19, 2008, during

---

[2] As the Eleventh Circuit affirmed this Court's grant of
summary judgment in favor of Defendants as to Reid's other claims,
in this order, the Court will address only the allegations that
relate to his Eighth Amendment claim.  See Reid, 486 F. App'x at
851-52.

an attempt to perform a medical examination, Defendant Henderson assaulted him.  Specifically, Reid alleges that Henderson first read aloud from Reid's medical file that "a fall could paralyze or kill him, I'm going to stand him up and let him fall."  Then, Henderson directed an inmate orderly to help remove Reid from his wheelchair, assist Reid in standing up, and turn Reid around.  According to Reid, Henderson then dropped Reid, kneed Reid in the back while he was on the floor, and "threw" Reid's body onto the examination table, twisting it painfully.  Reid asserts that Defendant Mullinax was present during this incident but failed to intervene to stop Henderson's March 19 assault on Reid.  Additionally, Reid asserts that as a result of this incident, on Mach 20, 2008, Henderson wrote a false disciplinary report accusing Reid of lying to staff.  See generally Amended Complaint.

### III.  Summary of the Arguments

#### A.  Reid's Motion

In seeking summary judgment at this time, Reid relies on the Requests for Admissions which he served on Defendants following remand.  The Requests for Admissions generally cover the basic facts he alleges in the Amended Complaint.  Reid argues that because Defendants never responded to the Requests for Admissions, pursuant to Rule 36, the matters in the Requests for Admissions have been admitted by Defendants.  Thus, Reid argues, it is appropriate to enter summary judgment in his favor.  Reid also

attaches additional documents and another affidavit, again addressing most of the material facts in this case.  <u>See</u> Reid SJ Exs.   In his most recent affidavit and deposition, Reid also alleges that Defendant Henderson punched Reid once he had been placed on the examination table.  <u>See</u> Reid SJ Ex. H (Doc. #68-8) at 16; (Doc. #75-3) at 15.

In response to Reid's Motion, Defendants argue that Reid's Requests for Admissions were untimely and as no response was required, they should not be deemed admitted.  Additionally, they assert that Reid's own exhibits reflect the existence of genuine issues of material fact precluding entry of summary judgment in his favor.  Specifically, Defendants contend that some of the exhibits and medical records attached to Reid's Motion, i.e. documents created by staff of the penitentiary, contradict Reid's own sworn testimony and affidavits.  Thus, Defendants contend that Reid has not met his initial burden of showing the absence of a genuine issue of material fact, and Reid's Motion should be denied.

### B.  Defendants' Motion

Undeterred by the Eleventh Circuit's determination that genuine issues of material fact preclude summary judgment on Reid's Eighth Amendment excessive force claim, Defendants once again move for summary judgment in this action.  In doing so, they rely predominantly on the same evidence previously submitted, but they include some additional evidence such as a more complete medical

history for Plaintiff Reid, <u>see</u> Def. SJ Ex. 1, as well as the audio recordings of sworn interviews of Reid, Henderson, Mullinax, and inmate Expavious Mills, taken as part of the Inspector General's investigation. Def. SJ Ex. 2. Generally, these additional documents and recordings support the parties' allegations elsewhere, to the extent they were not already in the record. Based upon this evidence, Defendants again contend that there is no genuine issue as to any material fact and that each Defendant is entitled to summary judgment. Specifically, Defendants assert that there is no evidence of any actual force used by Henderson, there is no physical injury, Defendant Mullinax cannot be held liable because she was not in a position to intervene, and Defendants are entitled to qualified immunity because there was no constitutional violation in the fall.

In response, Reid relies on the Requests for Admissions, arguing that Defendants failure to respond to this discovery deems the matters therein admitted. He also argues that the Eleventh Circuit already determined that he had met his burden to show a dispute as to a genuine issue of material fact. Additionally, Reid disputes the medical record that claims he stated that he had no injuries. In an appendix to Plaintiff's Response, Reid includes the Requests for Admissions, a copy of his deposition taken on November 21, 2014, Defendants' responses to his interrogatories, and some of his medical records.

## IV.  Summary Judgment Standard

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Rule 56(c)(1)(A).[3]  An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant.  See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)).  "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion

---

[3] Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions."  Rule 56 advisory committee's note 2010 Amendments.

> The standard for granting summary judgment remains unchanged.  The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law.  The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Id.  Thus, case law construing the former Rule 56 standard of review remains viable and is applicable here.

for summary judgment." Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004). The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (per curiam) (internal citations and quotation marks omitted). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994) (per curiam)).

**V. Law and Conclusions**

**A. Excessive Force Standard**

The Eleventh Circuit has set forth the standard for an excessive use of force claim for an inmate:

> The use of force constitutes cruel and unusual punishment where it is applied "maliciously and sadistically to cause harm." Skrtich, 280 F.3d at 1300.[4]  Thus, in order to prevail on an excessive-force claim, a plaintiff must demonstrate that those who used force against him acted with a malicious purpose.  See Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).  In addition, a plaintiff must prove that a requisite amount of force was used against him.  Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992).  "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. (quotation omitted).  In determining whether the amount of force used against an inmate was de minimis, a court may consider the extent of the injuries suffered by the inmate.  Skrtich, 280 F.3d at 1302. Nevertheless, a court ultimately should decide an excessive force claim "based on the nature of the force rather than the extent of the injury." Wilkins v. Gaddy, [559 U.S. 34, 34, 130 S.Ct. 1175, 1177, 175 L.Ed.2d 995 (2010) (per curiam)].
>
> Moreover, an officer need not actually participate in using excessive force against a prisoner in order to be liable under § 1983 for cruel and unusual punishment.  Skrtich, 280 F.3d at 1301.  "Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of

---

[4] Skrtich v. Thornton, 280 F.3d 1295 (11th Cir. 2002).

another officer's use of excessive force, can
be held liable for his nonfeasance." Id.

Vicks v. Knight, 380 F. App'x 847, 851 (11th Cir. 2010) (per
curiam). Notably, the defense of qualified immunity is unavailable
where a claim is premised on an Eighth Amendment violation alleging
"the use of force 'maliciously or sadistically to cause harm'"
because such an act is a violation of clearly established law. See
Skrtich, 280 F.3d at 1301. Applying this legal framework, the
Court will consider the parties' respective positions in the cross
motions.

### B. Reid's Motion

The Court turns first to Reid's Motion. In seeking entry of
summary judgment in his favor, Reid relies heavily on the Requests
for Admissions that he served on Defendants. Specifically, Reid
contends that because Defendants failed to respond in any way to
the Requests for Admissions, all of the factual statements set
forth in those admissions are now deemed admitted pursuant to Rule
36. Defendants dispute the effect of the Requests for Admissions,
arguing that the requests were untimely when served, because the
Court had not entered a scheduling order. As such, they appear to
contend that nothing has been admitted.

Given the procedural posture of this case at the time Reid
served the Requests for Admissions, the Court questions whether
these Requests for Admissions were properly served on Defendants.
Nevertheless, even if the Requests for Admissions were properly

served, such that they are deemed admitted, the Court will consider whether such admissions should be withdrawn.

Defendants have not filed a formal motion to withdraw or amend the admissions upon which Reid relies, however they have responded to Reid's Motion expressing their belief that the Requests for Admissions were not timely served and have no legal effect. More importantly, throughout this litigation, Defendants have consistently denied the substance of the factual allegations set forth in Reid's Requests for Admissions. Indeed in support of Defendants' Motion, Defendants submit their own affidavits where they contest the relevant allegations which Reid would contend are deemed admitted. As such, the Court construes Defendants' Motion and their Response to Reid's Motion as seeking to withdraw their admissions. See, e.g., Quasius v. Schwan Food Co., 596 F.3d 947, 951-52 (8th Cir. 2010) (summarizing appellate decisions determining that courts have authority to permit withdrawal of admissions under Rule 36(b) where the party has "later filed with the court a pleading that was sufficient to constitute a 'motion' under a liberal reading of the rule"); Bergemann v. United States, 820 F.2d 1117, 1120-21 (10th Cir. 1987) (holding that a defendant's response to the plaintiff's motion for summary judgment, along with the defendant's recorded responses to requests for admission at a pre-trial hearing, "were, in essence, motions to withdraw the

admissions" and that no prejudice occurred where party knew issue was contested).[5]

Rule 36 allows a party to "serve on any other party a written request to admit ... the truth of any matters ... relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Rule 36(a). If a party fails to respond within thirty days of service of the request, or within such time as a court allows or the parties agree to in writing, the "matter is admitted."  Id.  Rule 36 further provides that

> [a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e) [pertaining to the "final pretrial conference to formulate a trial plan"], the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Rule 36(b).  Notably, Rule 36(b) "emphasizes the importance of having the action resolved on the merits, while at the same time

---

[5] Although not addressed by the Eleventh Circuit Court of Appeals, courts within this Circuit have applied this analysis in analogous situations.  See United States v. $28,000.00 in U.S. Funds, No. 3:11-CV-130, 2014 WL 118645 (M.D. Ga. Jan. 10, 2014); Riquelme v. United States, No. 8:07-cv-2180-T-30MAP, 2009 WL 1405179 (M.D. Fla. May 19, 2009); Motown Record Co., L.P. v. Liggins, No. 2:05-cv-273-MEF, 2006 Copr. L. Dec. P 29, 278, 2006 WL 3257792 (M.D. Ala. Nov. 9, 2006); Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, 686 (M.D. Fla. 2005).

assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Rule 36 advisory committee's note (1970 Amendment).

Construing Rule 36, the Eleventh Circuit has set forth a two-part test for determining whether to permit a withdrawal of admissions. See Perez v. Miami-Dade Cnty., 297 F.3d 1255, 1264 (11th Cir. 2002). The Court should first consider "whether the withdrawal will subserve the presentation of the merits." Id. Second, it should "determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." Id. (citations omitted). The first prong of the test "emphasizes the importance of having the action resolved on the merits." Id. at 166 (emphasis omitted) (quoting Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1577-78 (11th Cir. 1988) (per curiam)). It is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Perez, 297 F.3d at 1266 (quoting Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995)). As for the second prong,

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth," but the prejudice required instead "relates to the difficulty a party may face in proving its case ... because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

Smith, 837 F.2d at 1578 (quoting Brook Village N. Assocs. v. Gen.
Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982)).

Upon review of the record in this action, the Court concludes
that both prongs of the test are met, and will therefore allow
withdrawal of Defendants' admissions.   As to the first prong,
withdrawal of the admissions will subserve the "ascertainment of
the truth and the development of the merits."   Perez, 297 F.3d at
1266.   Indeed, the matters included in the Requests for Admissions
track the pertinent allegations in the Complaint.   Thus, "upholding
the admissions would practically eliminate any presentation of the
merits of the case."   Id. (quoting Hadley, 45 F.3d at 1348).

The Court also finds that the second prong is met because
withdrawal will not prejudice Reid's ability to prepare for trial.
See Perez, 297 F.3d at 1266-67.   Withdrawal of these admissions
does not create any additional difficulty for Reid in proving his
case or any sudden need to obtain evidence because Reid is and has
been well aware that Defendants disputed the matters contained in
the Requests for Admissions.   Preliminarily, the Court notes that
through   contemporaneous   correspondence,   Defendants   advised
Plaintiff that they viewed the Requests for Admissions as invalid
and would not be serving any responses.   See Defendants' Response,
Exhibit 2 (Doc. 72-2).   More importantly, Reid has known throughout
the entirety of this litigation that Defendants disputed the
substantive factual allegations contained in the Requests for

- 15 -

Admissions.  In their Answer (Doc. #58), Defendants largely denied the relevant matters addressed in the Requests for Admissions, and also alerted Reid that discovery may be needed regarding the disputed issues.  Moreover, the record reflects that Reid understood the need to seek discovery, as well as his ability to do so and that he did seek discovery.  See Defendants' Response at 4 (identifying seven requests for witness production for deposition and sixteen notices for oral/video depositions served by Plaintiff); Plaintiff's Motion to Compel Discovery as to Defendant Mullinax, Exhibit 1 (Doc. #26-1; Defendant Mullinax's responses); Plaintiff's Motion to Compel Discovery as to Defendant Henderson, Exhibit 1 (Doc. #27-1; Defendant Henderson's responses). Additionally, Defendants provided sworn evidence disputing the substance of the Requests for Admissions in support of Defendants' Initial Motion and then again in support of Defendants' instant Motion for Summary Judgment.  On this record, Reid cannot establish the requisite prejudice to warrant a denial of a request to withdraw the admissions.

The purpose of Rule 36 is "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." Perez, 297 F.3d at 1264 (internal quotation omitted).  Requests for Admissions are properly used "to establish uncontested facts and to narrow the issues for trial." Id. at 1268.  However, when a party "uses the rule ... with the wild-eyed

hope that the other side will fail to answer and therefore [in this case, unknowingly] admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out litigation and wasting valuable resources." _Id._ In this case, such a use of Rule 36 would surely frustrate the Court's goal that justice be done in light of all of the facts. _Id._ at 1267. In consideration of the foregoing, the Court concludes that Defendants have met the burden of establishing that the Requests for Admissions, even if properly served and admitted, should be withdrawn. Accordingly, the admitted Requests for Admissions are withdrawn.

Plaintiff heavily relies on the admitted Requests for Admissions to argue that he is entitled to summary judgment. Because those admissions are withdrawn, and the record is replete with conflicting material factual allegations, the Court concludes that Plaintiff has failed to show the absence of a genuine issue of material fact or that he is entitled to judgment as a matter of law. Thus, Reid's Motion seeking summary judgment in his favor is due to be denied.

### C. Defendants' Motion

In arguing that they are entitled to entry of summary judgment, Defendants largely ignore the decision of the Eleventh Circuit in this case. With regard to Reid's Eighth Amendment claim the court reversed this Court's entry of summary judgment stating:

- 17 -

However, considering the rest of Reid's sworn allegations, and affording him every inference therefrom, there was enough evidence for a reasonable jury to conclude that an Eighth Amendment violation had occurred. Specifically, Reid swore that after Henderson read aloud from Reid's medical file, in front of Mullinax, that a fall could paralyze Reid, he announced his intention to stand Reid up and let him fall to the ground.  Reid further swore that Henderson then dropped Reid, and kneed him twice in the back.  Reid's assertion that Henderson intentionally dropped him, after learning that a drop could paralyze him, was sufficient, if believed, to make out an Eighth Amendment excessive force violation because it describes more than a de minimis amount of force.  See id.  Moreover, the fact,

if believed, that Henderson stated aloud that "a fall could paralyze him or kill him, I'm going to stand him up and let him fall ..." is evidence that could lead a jury to conclude that Henderson applied force maliciously or sadistically.  Skrtich, 280 F.3d at 1300.  A jury could also conclude that Mullinax, who was present but did not intervene, was liable for her nonfeasance.  Id. at 1301 (holding in the context of an excessive force claim, that a prison official who is physically present, but fails to take reasonable steps to protect the victim from another officer's use of force can be held personally liable for her nonfeasance).

In granting summary judgment, the district court discredited Reid's sworn allegations, because they were self-serving.  But these kinds of credibility determinations are impermissible at the summary judgment stage. See Moorman, 464 F.3d at 1266 n.1.[6]  While it is true that Reid's medical records do not support the version of the facts he presents in his affidavit, all this means is that there is conflict in the evidence, which we must

---

[6] Moorman v. UnumProvident Corp., 464 F.3d 1260 (11th Cir. 2006).

> resolve at the summary judgment stage in Reid's favor. A jury may well find Reid's account of the facts not to be credible. However, for purposes of summary judgment, there is nothing inherently wrong with "self-serving testimony," and it may not be disregarded by the district court in determining whether there is a genuine dispute of fact on a material issue in the case. "Courts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving." Price v. Time, Inc., 416 F.3d 1327,1345 (11th Cir. 2005).

Reid, 486 F. App'x at 851-52.

As an initial matter, under the law of the case doctrine a court will not revisit issues that were actually, or by necessary implication, decided by an appellate court unless (1) there is new evidence, (2) an intervening change in the controlling law dictates a different result, or (3) the appellate decision is clearly erroneous or would work a manifest injustice. United States v. Tamayo, 80 F.3d 1514, 1519-20 (11th Cir. 1996) (internal citations omitted); see also Litman v. Massachusetts Mut. Life Ins. Co., 825 F.2d 1506, 1510-11 (11th Cir. 1987); White v. Murtha, 377 F.2d 428, 431-32 (5th Cir. 1967). Although Defendants attach some additional documentation to their instant Motion, the only new exhibits are a more complete medical history for Reid and the actual audio of the sworn testimony taken during the Inspector General's investigation into the Disciplinary Report issued by Henderson. See Def. SJ Exs 1, 2. These documents are at best ancillary to the material facts and are mostly duplicative of other record evidence. As such they

are not new evidence.  Defendants have not made any other showing
that an exception to the law of the case doctrine could apply.
Thus, for this reason alone, Defendants' Motion is due to be
denied.

Further, upon review of the record, Reid has shown that
genuine material issues of fact exist.  In his Response, Reid
reincorporates the evidence presented with his prior response to
Defendants' Initial Motion and attaches another sworn affidavit,
the sum of which sufficiently presents genuine issues of material
fact for trial.  The parties again present markedly different
accounts regarding Defendant Henderson's use of force, whether
Defendant Henderson's motivations were in good faith or malicious
and sadistic, the extent or existence of Reid's injuries, and
whether Defendant Mullinax was in a position to intervene assuming
the force was improper.

Despite the unambiguous admonishment by the Eleventh Circuit
that this Court view the facts and inferences in the light most
favorable to Reid and not make credibility assessments, Defendants
continue to cast the facts in a manner that minimizes and justifies
Defendants' alleged actions.  Moreover, they continue to argue that
"unlike Plaintiff's story, Henderson's version is completely
supported by several other written statements and documents."
Defendants' Motion at 8.  As to Mullinax, despite Reid's sworn
testimony that Mullinax was present and failed to intervene,

- 20 -

Defendants argue that summary judgment is appropriate because she was not present.  See id. at 9-10.  These arguments are unavailing.

Reid has provided sworn testimony that (1) Defendant Henderson read aloud from Reid's medical file, in front of Defendant Mullinax, that a fall could paralyze Reid; (2) Defendant Henderson announced his intention to stand Reid up and let him fall to the ground; (3) Defendant Henderson dropped Reid, kneed him in the back, and later punched him; and (4) Defendant Mullinax was present but did not intervene.  In contrast, Defendants claim that the only fall that occurred was due to Reid's intentional non-participation in the examination in an attempt to receive preferential benefits.  Upon nearly the same record, the Eleventh Circuit determined that Reid's sworn allegations are sufficient for this claim to survive summary judgment.  Affording every inference to the nonmoving party and without making any inappropriate credibility determinations at this time, this Court agrees and, as such, Defendants' Motion for Summary Judgment (Doc. #72) is due to be denied.[7]

As there remain genuine issues of material fact with respect to Reid's claims, the Court will refer the case to the assigned Magistrate Judge for a settlement conference.

Therefore, it is now

---

[7] Because Reid alleges an Eighth Amendment violation based on a use of force applied maliciously or sadistically, Defendants' request for summary judgment on the basis of qualified immunity does not require separate discussion, and is due to be denied. Skrtich, 280 F.3d at 1301.

**ORDERED:**

1.    Defendants' Motion for Summary Judgment (Doc. #73) and Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment (Doc. #72), construed in part as a motion to withdraw admissions, is **GRANTED** to the extent that any admissions resulting from the service of Reid's Requests for Admissions on Defendants are withdrawn.

2.  Plaintiff's Motion for Summary Judgment (Doc. #68) is **DENIED**.

3.  Defendants' Motion for Summary Judgment (Doc. #73) is **DENIED**.

4.    This case is referred to the Honorable Monte C. Richardson, United States Magistrate Judge, to conduct a settlement conference.

5.    The parties shall contact Judge Richardson's chambers within thirty (30) days of the date of this Order to schedule the settlement conference.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of September, 2015.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

tc 9/28

c:

Clifford Leon Reid

Counsel of Record